17 F.3d 1437
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne Allen BAKER, Defendant-Appellant.
 No. 93-5086.
 United States Court of Appeals, Tenth Circuit.
 March 2, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and TACHA, Circuit Judges.
 
 
 1
 Defendant, with a substantial criminal history, was indicted in the instant case on three counts of possession of stolen mail. Defendant did not promptly plead guilty but insisted on going to trial. The district court granted bail and set the case for trial. While on bail, Defendant continued to engage in the same kind of criminal activity. His bail was revoked, and he was sentenced to prison in connection with those "on bail" criminal activities. Thereafter, on the day set for his trial on the original charges, Defendant agreed to plead guilty to those charges. At the sentencing hearing he relied heavily on the argument that the sentence for his "on bail" crimes had awakened his sense of responsibility and that he now was eligible for a two-point reduction for acceptance of responsibility pursuant to section 3E1.1 of the Sentencing Guidelines. The trial court denied that request, emphasizing the "on bail" crimes in support of its conclusion that the defendant had simply failed to persuade the court that he had truly accepted responsibility.
 
 
 2
 In reviewing the trial court's denial of the two-point reduction for acceptance of responsibility, we apply the clearly erroneous standard and give broad deference to the district court's assessment of the evidence and the Defendant's credibility. United States v. Ross, 920 F.2d 1530, 1537 (10th Cir.1990); United States v. Spedalieri, 910 F.2d 707, 712 (10th Cir.1990).
 
 
 3
 The Defendant appears to argue that the trial court relied solely on the continuation of criminal activity while on bail in denying the two-point reduction. We are not persuaded that this argument truly reflects the record. The trial court was fully aware of the Defendant's failure to timely accept responsibility in the instant case as well as other factors. It merely emphasized the "on bail" criminal activities in denying the two-point reduction.
 
 
 4
 Defendant also argues, without any precedent, that, since in his view he came to the realization of his responsibilities after sentencing for his "on bail" criminal activities, the trial court should look only at his acceptance of responsibility from that date forward and not at the "on bail" criminal activities in making its determination. We conclude that the trial court is not so limited in its consideration but must consider acceptance of responsibility in the totality of the circumstances.
 
 
 5
 In the totality of the circumstances shown in the record of this case, the trial court was not clearly erroneous in denying Defendant the requested reduction for acceptance of responsibility.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470